UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **WILLIAM HAWKINS,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0525 AS |
| | ) | |
| **EDWIN G. BUSS,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about August 25, 2005, *pro se* petitioner, William Hawkins, an inmate at the Westville Correctional Facility (WCF) in Westville, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on May 3, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on July 17, 2006, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the WCF in this district. He was the subject of a prison disciplinary proceeding which sanctioned him for a deprivaiton of 60 days credit time, implicating *Wolff v. McDonnell*, 418 U.S. 539 (1974). Further, there were sanctions including a disciplinary segregation and the loss of recreation privileges which do not implicate a liberty interest. *See Sandin v. Conner*, 515 U.S. 472

(1995). The Conduct Adjustment Board proceeding which occurred in or around January 2005 was designated as WCC 05-01-0215. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

There is a charge against a Lieutenant Doss who is not a formal respondent here. That charge is that he overcharged the petitioner. Given the fact that the evidence here supports the charge, that one simply is without merit. There has been an exhaustion of state administrative process under *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992).

The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). With regard to violations of the so-called ADP process, *see Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997).

This court is well aware of the teaching of *Forbes v. Trigg*, 976 F.2d 308 (7th Cir. 1992), *cert. denied*, 507 U.S. 950 (1993). There does not appear to be any violation of it. There is certainly no right to confront or cross examine witnesses and the testimony

requested must be relevant.  *See Pannell v. McBride*, 306 F.3d 499 (7th Cir. 2002). Generally, it is not necessary to present physical evidence at the hearing.  *See Hayes v. McBride*, 965 F. Supp. 1186 (N. D. Ind. 1997).  This petitioner was given an opportunity to request evidence and witnesses.  With regard to the claim that this petitioner was sprayed in the face with mace, that claim was not made in any timely fashion and is therefore procedurally defaulted.

The Attorney General has placed before this Court a series of documents designated A through K2, both inclusive, which explicate in great detail the proceedings involved.  Also given close attention were the sworn statements of Jaron Starks, Betty Spencer, and Frank Holbrook which stand before this court undisputed.

For all of these reasons, the petition for relief under 28 U.S.C. §2254 should be and hereby is **DENIED.  IT IS SO ORDERED**.

**DATED:**  July 26, 2006

                                              **S/ ALLEN SHARP**
                                              **ALLEN SHARP, JUDGE**
                                              **UNITED STATES DISTRICT COURT**